UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAQUOI YATES,

                Plaintiff,

v.

UNITED STATES OF AMERICA,
*et al.*,

                Defendants.

_____/

Case No. 1:16-cv-155

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

This matter is now before the Court on plaintiff's amended motion to request hearing to approve settlement and distribution of settlement proceeds (ECF No. 57). For the reasons discussed below, the amended motion should be granted in part and denied in part.

    **I.**        **Discussion**

This case involves the alleged wrongful death of a child. In her complaint, plaintiff, the personal representative of the decedent, "claims all elements of damages permitted under the Michigan Wrongful Death Act, Michigan statutory law, Federal law, and the common law, whether known now or whether becoming known during the pendency of this case." Compl. (ECF No. 1, PageID.17). Plaintiff has filed a companion state court case in Berrien County, Michigan. At some point in time, plaintiff reached a settlement with defendants in this case. Consistent with the allegations, plaintiff's amended motion seeks Court approval of the settlement pursuant to Michigan's Wrongful Death Statute, M.C.L. § 600.2922(6)(a). In her amended motion, plaintiff

requested approval to settle this case for $75,000.00, for the apparent purpose of funding the state court litigation:

> Plaintiff also requests that this Honorable Court grant this amended motion and set the matter for hearing at which time the parties will request this Court's approval of the settlement as set forth below:
>
> > 1. Payment of $44,513.56 to McKeen & Associates, P.C. for reimbursement of costs. (Exhibit #1), LEAVING A BALANCE OF $30,486.44.
> >
> > 2. Payment of $7,621.61 to McKeen & Associates, P.C. for 1/4 attorney fee pursuant to the contingency fee agreement. (Exhibit #2).
> >
> > 3. Reservation in trust of $5,000 for any future costs associated with the continuation of the Berrien Circuit Court (Case no. 15-0238-NH).
> >
> > 4. Payment of $17,864.83 to the Estate, to be distributed pursuant to the Personal Representative's proposal.

Amended Motion at PageID.354.

As an initial matter, the amended motion did not include a personal representative's proposal, identify any interested parties to the proposed distribution, or address the statutory distribution scheme for the proceeds of a settlement as set forth under M.C.L. § 600.2922(6)(d), which provides in pertinent part:

> After a hearing by the court, the court shall order payment from the proceeds of the reasonable medical, hospital, funeral, and burial expenses of the decedent for which the estate is liable. The proceeds shall not be applied to the payment of any other charges against the estate of the decedent. The court shall then enter an order distributing the proceeds to those persons designated in subsection (3) [M.C.L. § 600.2922(3)] who suffered damages and to the estate of the deceased for compensation for conscious pain and suffering, if any, in the amount as the court or jury considers fair and equitable considering the relative damages sustained by each of the persons and the estate of the deceased.

M.C.L. § 600.2922(6)(d).

In the notice of hearing for the amended motion, the Court advised plaintiff of the deficiencies in the motion and ordered her to correct them:

> Specifically, the proposed distribution in this case fails to address three matters: the "reasonable medical, hospital, funeral, and burial expenses of the decedent for which the estate is liable;" the damages to the deceased; and "those persons designated in subsection (3) who suffered damages." In addition, plaintiff provides no authority for the proposition that this Court can award the personal representative "$5,000 for any future costs associated with the continuation of the Berrien Circuit Court (Case no. 15-0238-NH)" or use the settlement proceeds in this case to pay expenses incurred in a state court case (e.g., a $235.00 expense for "Berrien County Circuit Co... Complaint Fee-Y...") (ECF No. 57-1, PageID.359). Accordingly, **plaintiff is directed** to file a supplemental brief addressing these matters by no later than **August 14, 2017**.
>
> Next, while the motion seeks a "Payment of $17,864.83 to the Estate, to be distributed pursuant to the Personal Representative's proposal" (ECF No. 57, PageID.354), plaintiff has not submitted this proposal to the Court. Accordingly, **plaintiff is directed to file the Personal Representative's proposal by no later than August 14, 2017**.
>
> Finally, plaintiff has submitted a cryptic list of costs totaling $44,513.56 (ECF No. 57-1, PageID.358-361). The list of costs is not adequate to support an award of costs because it lacks sufficient detail. As noted, *supra*, it appears that some of the costs included were not incurred in this case. Accordingly, **plaintiff is directed** to file an affidavit identifying those expenses directly related to the federal litigation and providing a description of each requested expense by no later than **August 14, 2017**. Counsel shall attach copies of all supporting receipts. Counsel shall also identify any expenses which were incurred in both the federal and state cases, and submit a proposed method of pro-rating such expenses. Counsel is advised that the Court will reject all expenses which are not adequately explained and supported.

Notice and Order (ECF No. 60, PageID.371-372).

Plaintiff filed a supplemental brief which did not comply with the Court's order and appeared to amend the relief requested. While plaintiff submitted an exhibit entitled "Affidavit of Expenses" (ECF No. 62-1, PageID.378), it is not an affidavit, but merely a copy of what appears to be the previously submitted list of expenses with a few expenses stricken (e.g., "Berrien County

Circuit Court Complaint Fee Yates" in the amount of $235.00). In addition to failing to provide an affidavit, plaintiff also violated the Court order by failing to provide supporting receipts, failing to address the "reasonable medical, hospital, funeral, and burial expenses of the decedent for which the estate is liable," failing to address the damages to the deceased, and failing to identify "those persons designated in subsection (3) [M.C.L. § 600.2922(3)] who suffered damages." In the one paragraph "Plaintiff's Personal Representative's Proposal" (which was not signed by the personal representative), plaintiff appears to have amended the relief sought stating as follows:

> Plaintiff seeks an approval of settlement and attorney fees only. Plaintiff seeks to hold place all proceeds into the estate, withholding distribution to parties in interest until resolution of the circuit court case, where Plaintiff recently received a $300,000 award and the case is near resolution. Plaintiff seeks to make one distribution to heirs until both cases are resolved.

Proposal (ECF No. 62-2, PageID.386).

At the hearing, plaintiff's counsel made various proposals for approving the settlement, none of which complied with the statutory requirements of M.C.L. § 600.2922(6)(d). Given that there were proposed settlements in two different courts, one proposed solution was to have this Court approve the settlement, allow the federal government to transfer the funds to plaintiff's counsel's trust account, and then have a distribution proceeding. M.C.L. § 600.2922(5) provides that:

> If, for the purpose of settling a claim for damages for wrongful death where an action for those damages is pending, a motion is filed in the court where the action is pending by the personal representative asking leave of the court to settle the claim, the court shall, with or without notice, conduct a hearing and approve or reject the proposed settlement.

To this end, after reviewing the file materials (including the complaint, the affidavit of meritorious claim of Dr. Kushner, the affidavit of meritorious claim of Nurse Prepas) and questioning the

personal representative and defendants' counsel, I find that the proposed settlement of $75,000.00 is fair, adequate and just. Accordingly, I recommend that the proposed settlement in the amount of $75,000.00 be approved and that the funds be transferred to plaintiff's counsel's client trust account pending distribution.

Distribution of the settlement, however, is another matter. Plaintiff's amended motion utterly fails to meet the requirements for distribution of the settlement proceeds. While plaintiff's counsel discussed placing the settlement proceeds from the state and federal cases into a single pot to be distributed by a single court, I find no legal basis for this procedure. The settlement proceeds in this federal lawsuit should be distributed by this Court. Accordingly, I recommend that plaintiff's amended motion be denied with respect to the distribution and that plaintiff should file a proper motion in this Court to distribute the $75,000.00 settlement of her federal claims.[1] Finally, plaintiff is advised that the deficiencies pointed out with respect to the present motion should be corrected in any future motion seeking distribution.

## II. Recommendation

For these reasons, I respectfully recommend that the proposed settlement in the amount of **$75,000.00** be **APPROVED**.

I further recommend that plaintiff's amended motion (ECF No. 57) be **GRANTED** to the extent that it seeks approval of the amount of the settlement and **DENIED** in all other respects.

---

[1] While there should be separate proceedings to distribute the funds in the state and federal cases, it would be reasonable to have a single guardian ad litem represent each minor beneficiary for purposes of both distributions.

I further recommend that defendant be authorized to transfer the settlement proceeds to plaintiff's counsel's client trust account, and that the proceeds be held in that account until the Court orders distribution.

I further recommend that plaintiff file a motion to distribute the settlement proceeds as soon as practicable.

Dated: September 11, 2017          /s/ Ray Kent_____
                                   RAY KENT
                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).